**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0275n.06

No. 09-4246

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Mar 12, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| MARQUES GRIFFIN, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

Before:  MOORE, SUTTON, and DONALD, Circuit Judges

KAREN NELSON MOORE, Circuit Judge.  Defendant-Appellant Marques Griffin appeals his sentence on the ground that the government failed to abide by its plea-agreement obligation to recommend a sentence reduction for acceptance of responsibility pursuant to United States Sentencing Guideline ("U.S.S.G." or "Guideline") § 3E1.1 (2008).  According to Griffin, the government should have recommended the reduction notwithstanding the fact that Griffin was caught selling crack cocaine while on pretrial bond.  In light of Griffin's conduct, we do not believe that the government's actions resulted in plain error.  Accordingly, we **AFFIRM**.

**I.  BACKGROUND**

Griffin pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count I), and to "knowingly and intentionally possess[ing] with the intent to distribute and distribut[ing] 5 grams of more of a mixture or substance containing a detectable amount of

No. 09-4246
*United States v. Griffin*

cocaine base (crack cocaine)," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count II). R. 1

(Indictment dated April 21, 2009 at 1–2). In return for the guilty plea, the government agreed,

among other things, to recommend a sentence reduction for acceptance of responsibility pursuant

to U.S.S.G. § 3E1.1.[1] The relevant plea-agreement provision reads as follows:

> For the purpose of determining whether or not Defendant may be entitled to a three-(3)-level reduction in his offense level for acceptance of responsibility under 3E1.1(a) and (b), the government agrees to advise the Court, by way of motion at the time of sentencing, that Defendant timely notified the government of an intent to plead guilty, and to recommend a three-level reduction to the sentencing guideline calculation.

R. 9 (Plea Agreement dated July 8, 2009 ¶ 7, at 5).

When Griffin appeared in court on July 8, 2009, to enter his plea, the government advised

the district court of its discovery that, just one day earlier, Griffin had sold 3.5 grams of crack

cocaine to an undercover agent from his mother's residence. The sale took place while Griffin was

subject to electronic monitoring as a condition of supervision after having been released on bond.

Because Griffin's illegal conduct violated the conditions of his release, the government sought an

order pursuant to 18 U.S.C. § 3143(a)(2) detaining Griffin pending further proceedings. R. 17 (Plea

---

[1]Guideline § 3E1.1(a) requires that the district court grant a two-level reduction in the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Provided that the defendant has made the appropriate showing under subsection (a), subsection (b) indicates that the defendant may also qualify for an additional one-level reduction if he "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." Among other things, appropriate considerations in applying subsection (a) include whether the defendant has voluntarily "terminat[ed] or withdraw[n] from criminal conduct or associations." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. n.1(B).

Hr'g Tr. at 21, 23). Finding ample evidence to substantiate the government's accusation, the district court revoked Griffin's bond and ordered him detained. *Id.* at 21, 24.

The presentence report ("PSR") was issued on November 17, 2009, and recommended that the district court decline to grant the § 3E1.1 reduction for acceptance of responsibility in light of Griffin's continued participation in illegal drug activity. As evidence of such activity, the PSR cited both Griffin's sale of 3.5 grams of crack cocaine during a controlled buy on July 7, 2009, and the discovery of 10.5 grams of cocaine, along with drug paraphernalia and $2,250.00 in cash, during a search of Griffin's residence that took place the following day. Griffin filed a written objection to the PSR's recommendation to deny credit for acceptance of responsibility, claiming that he had cooperated with the police after his July 7 arrest and had not been indicted on any new charges.

At sentencing, defense counsel requested a sentence reduction for acceptance of responsibility, but conceded that "[Griffin] may not have demonstrated [his acceptance of responsibility] in a clear way, but I think that truly Mr. Griffin has accepted all the responsibility that he has accepted. . . . [A]lthough his outward conduct smacks the Court in its face, I think he's totally remorseful for that." R. 16 (Sent. Hr'g Tr. at 5). Rather than recommending the bargained-for § 3E1.1 reduction, the government requested that the district court follow the presentence report. Noting that one factor in applying the § 3E1.1 reduction is that "the Defendant should voluntarily terminate or withdraw from criminal conduct or associations," the district judge observed that "the Defendant continued to participate in criminal activity, selling drugs while under Pretrial supervision, and as [defense counsel] pointed out, smacked the Court in the face [for] giving him

3

an opportunity to get himself in a better position for sentencing than he otherwise would be." *Id.* at 11–12. Thus, the district judge concluded, "[n]o way am I granting an acceptance of responsibility when he sells drugs from his house while I have him on Pretrial supervision when he said he would abide by my conditions. So that is denied." *Id.* at 12.

Once the applicable Guideline range had been determined, the district court paused to inquire whether there were any objections up to that point, stating, "[t]he Court has already dealt with acceptance of responsibility. Mr. Luskin, is there anything else, other objections or other issues before I move to the [18 U.S.C. §] 3553(a) factors?" *Id.* at 17. Defense counsel had no objections. After applying the § 3553(a) factors, the district court proceeded to sentence Griffin to concurrent 120-month prison sentences on both counts followed by a three-year term of supervised release on Count I to be served concurrently with a four-year term of supervised release on Count II. The district judge then asked defense counsel whether there was "anything further on behalf of Mr. Griffin at this time." R. 16 (Sent. Hr'g Tr. at 26). Defense counsel again stated no objections. Thus, at no point during the sentencing hearing did defense counsel make any claim that the government had breached the plea agreement. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

As an initial matter, we address the appropriate standard of review to be applied in this case. Griffin argues that the district court's generic "anything further" inquiry after imposing the sentence falls short of the procedural requirements set out in *United States v. Bostic*, 371 F.3d 865, 872–73

(6th Cir. 2004), and asserts that we should review de novo his claim that the government breached the plea agreement. We disagree.

At the sentencing hearing, the district court invited objections to his calculations of the sentencing guidelines immediately after making a determination on the acceptance-of-responsibility reduction. Because the asserted breach of the plea agreement by the government should have been quite evident at that time, we do not believe that the district judge's failure to ask the *Bostic* question at the end of sentencing dictates our standard of review. On the contrary, the district court had already specifically put defense counsel on notice of the need to address the plea-agreement issue by asking for objections to the sentencing calculations immediately after denying Griffin's request for a reduction under § 3E1.1. As a consequence, Griffin's failure to preserve his claim of error by raising an objection then or at any time during the hearing necessarily forfeits his claim.

Any argument to the contrary is foreclosed by the recent Supreme Court decision in *Puckett v. United States*, 556 U.S. 129, 133 (2009), which involved a nearly identical allegation of a plea-agreement breach arising from the government's refusal to recommend an acceptance-of-responsibility reduction following the defendant's post-indictment criminal conduct. In concluding that the plain-error standard applied, the Court noted that

> Importantly, at no time during the exchange did Puckett's counsel object that the Government was violating its obligations under the plea agreement by backing away from its request for the reduction. He never cited the relevant provision of the plea agreement. And he did not move to withdraw Puckett's plea on grounds that the Government had broken its sentencing promises.

*Id.* The same is true here, and our review is therefore "strictly circumscribed." *Id.* at 134.

Accordingly, if he is to prevail, Griffin must show: (1) that an "error or defect" occurred;[2] (2) that

the error was "clear or obvious"; (3) that the error "affected [his] substantial rights"—e.g., that it

"'affected the outcome of the district court proceedings'"; and (4) that "the error "'seriously

affect[ed] the fairness, integrity or public reputation of judicial proceedings.'"" *Id.* at 135 (quoting

*United States v. Olano*, 507 U.S. 725, 734, 736 (1993)).

**B. The Impact of the Government's Alleged Breach of the Plea Agreement**

In light of *Puckett*, our remaining analysis is straightforward. As indicated above, *Puckett*

involved circumstances that are nearly identical to the facts of Griffin's case: the government had

agreed pursuant to a plea agreement to recommend a three-level reduction for acceptance of

responsibility, but then declined to follow through with that obligation after the defendant engaged

in criminal conduct in the intervening period between indictment and sentencing. 556 U.S. 131–32.

Also as is the case here, defense counsel failed to object to the government's breach of the plea

agreement at any point during the sentencing hearing. *Id.* at 133. Although the Supreme Court noted

---

[2]The government argues that there was no error because Griffin's criminal conduct absolved it of any obligation to recommend the § 3E1.1 reduction at sentencing. Dicta suggests that the Supreme Court may well be amenable to that argument. *Puckett*, 556 U.S. at 140 n.2 (noting that the argument that the government was "excused from its obligation to assert 'demonstrated acceptance of responsibility' because Puckett's ongoing criminal conduct hindered performance . . . might have convinced us had it been pressed"). But we, like the Supreme Court, have no need to address the merits of the government's argument here. Because whether the government's conduct actually constituted a breach of the plea agreement has no bearing on the outcome of Griffin's case, we assume for purposes of this opinion that the government's conduct was in fact a breach and that the first prong of the plain-error analysis is therefore satisfied.

that the government's failure to uphold its plea-agreement obligations was "undoubtedly a violation of the defendant's rights," *id.* at 136 (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)), the Court concluded that the violation nonetheless did not result in plain error. In its analysis, the Court explicitly rejected an argument similar to one Griffin makes here—that *Santobello v. New York* mandates a remand for resentencing any time the government "reneges on a plea bargain." *Id.* at 139–41. Instead, the Court determined that a showing of prejudice under the third prong of the plain-error analysis in this context requires the defendant to demonstrate that the error impacted his sentence, not merely that defendant might not have entered into the plea agreement had he known of the government's intent to violate it. *Id.* at 142 n.4. The district court's emphatic rejection of the § 3E1.1 reduction in this case suggests that Griffin can make no such showing here. Furthermore, *Puckett* rejected the defendant's argument that the government's breach under analogous circumstances constituted a miscarriage of justice. On the contrary, in evaluating the fourth prong of the plain-error analysis the Court stated that

> [i]t is true enough that when the Government reneges on a plea deal, the integrity of the system may be called into question, but there may well be countervailing factors in particular cases. Puckett is again a good example: Given that he obviously did not cease his life of crime, receipt of a sentencing reduction for *acceptance of responsibility* would have been so ludicrous as itself to compromise the public reputation of judicial proceedings.

*Id.* at 142–43. Because Griffin's actions are virtually indistinguishable from the circumstances addressed in *Puckett*, that analysis is equally applicable here. Griffin's claim therefore must fail.

## III. CONCLUSION

In reaching this conclusion, we do not in any way seek to diminish the importance of the government upholding its end of a plea bargain. But regardless of whether the government's actions here actually constituted a breach, given Griffin's criminal conduct, we cannot say that any plain error resulted. We therefore **AFFIRM** Griffin's sentence.